# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Albert C. Burgess, Jr.,

Petitioner,

v.

Warden, Rochester FMC,

Respondent.

Case No. 26-cv-01968 (LMP/ECW)

**REPORT AND RECOMMENDATION**

---

Petitioner Albert C. Burgess, Jr., is a federal prisoner.  He was recently found in possession of a deadly tool by officials of the Federal Bureau of Prisons ("BOP") and, following a disciplinary hearing, was punished with the loss of 41 days of good-time credits.  (*See* Dkt. 1 at 1.)  Burgess does not challenge the lawfulness of the disciplinary proceedings or the authority of the BOP to punish him for the disciplinary violation.

Burger alleges that the Disciplinary Hearing Officer "further restricted [him] to Commissary Restriction," and that "the Warden also decided to punish [Burgess] under a very suspect manner and put an Encumbrance on" him.  (*Id.*)  According to Burgess, "[u]nder existing BOP Policy, Inmates may spend $25.00 per month on limited items and may buy one book of stamps per week, along with Four Copy Cards," but this commissary restriction has limited his ability to purchase copy cards and stamps, which he would use to prosecute the various lawsuits that he intends to bring along with an already pending habeas petition in another District.  (*Id.* at 1-2.)  Burgess believes that the commissary restriction amounts to a double punishment for the same offense imposed in

violation of the Double Jeopardy Clause of the Constitution, and he has filed what he deems an "emergency petition" for a writ of habeas corpus challenging the commissary restriction. (*Id.*)

This matter is before the Court on initial review of the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] As a result of that review, this Court concludes that the habeas petition should be denied and this case dismissed.

As an initial matter, it does not appear that Burgess has exhausted administrative remedies for his double jeopardy claim. Burgess does not mention having done so in his habeas petition or accompanying materials, and it is unlikely that sufficient time has passed since the imposition of the penalty at issue, which took place on January 25, 2026, for Burgess to have proceeded through the full administrative-review process for his claim. *See* 28 C.F.R. § 542.15 (setting forth the steps of the administrative review process). Although the federal habeas corpus statute does not itself include an exhaustion requirement, *see generally* 28 U.S.C. § 2241, courts have long required prisoners to exhaust administrative remedies made available by the BOP before seeking habeas relief. *See Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009); *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam).

---

[1] Although the habeas petition is not brought under 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied to the petition. *See* Rule 1(b).

Under other circumstances, this Court would therefore direct Burgess to show cause why this matter should not be dismissed for failure to exhaust administrative remedies. That approach is unnecessary here, however, because Burgess's habeas petition has an even more fundamental problem. "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973)). Burgess alleges that the formal disciplinary proceeding resulted in a loss of good-time credits, but he expressly disavows in his habeas petition that he is challenging the result of that proceeding. (*See* Dkt. 1 at 1.) Instead, Burgess limits his challenge only to the loss of commissary access. Whatever the merits of this claim, the loss of commissary privileges is not an attack on the fact or duration of Burgess's confinement, and it is therefore not the appropriate subject of a habeas petition. *See Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014).

The fact that Burgess has presented his claim through the incorrect procedural vehicle is not necessarily fatal to that claim, because in appropriate cases, a court may "recharacterize" a pleading in order to avoid that pleading being dismissed for reasons of incorrect form. *See id.* at 471. But if Burgess were to have brought his claim through a traditional non-habeas civil rights action, it is doubtful that this action would have turned out any differently. A prisoner raising non-habeas claims must also first exhaust administrative remedies before bringing suit—and, unlike in the habeas context, exhaustion of administrative remedies by prisoners prior to filing suit is both statutory

3

and mandatory in the non-habeas context. *See* 42 U.S.C. § 1997e(a); *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003) ("[T]he language of section 1997e(a) clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement, thus requiring an outright dismissal of such actions rather than issuing continuances so that exhaustion may occur.").

Accordingly, if this matter were to be reinterpreted as a non-habeas action, it would almost certainly be subject to dismissal for failure to exhaust administrative remedies. Moreover, Burgess would owe $350.00 for the privilege of having had his habeas petition reinterpreted into the correct procedural vehicle and then dismissed. *See* 28 U.S.C. § 1915(b) ("if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."). Because reinterpretation of the pleading would serve no useful purpose, it is recommended that the pleading not be reinterpreted as something it is not. Rather, the habeas petition should be denied, and this case dismissed for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Albert C. Burgess, Jr. (Dkt. 1) be **DENIED**.

2. This action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Dated: March 30, 2026                    *s/Elizabeth Cowan Wright*
                                         Elizabeth Cowan Wright
                                         United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).