**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ALBERT C. BURGESS, JR.,                       Case No. 26-cv-1968 (LMP/ECW)

Petitioner,

v.                                            **ORDER ADOPTING REPORT AND**
                                              **RECOMMENDATION**

WARDEN, ROCHESTER FMC,

Respondent.

---

Albert C. Burgess, Jr., pro se Petitioner.

Trevor Brown, **United States Attorney's Office, Minneapolis, MN**, for Respondent.

Petitioner Albert C. Burgess filed this 28 U.S.C. § 2241 petition for a writ of habeas corpus on March 19, 2026. ECF No. 1. On March 30, 2026, United States Magistrate Judge Elizabeth Cowan Wright entered a Report and Recommendation ("R&R") recommending that the Court dismiss Burgess's petition because the relief he seeks is not available through a habeas petition. ECF No. 5. Burgess timely objected to the R&R. ECF No. 6. For the following reasons, the Court overrules Burgess's objections and adopts the R&R in full.

**BACKGROUND**

In August 2010, Burgess was sentenced to 292 months in prison after a jury convicted him of possessing sexually explicit images of children. *Burgess v. United States*, No. 24-cv-594 (DSD/TNL), 2024 WL 1722339, at *1 (D. Minn. Apr. 1, 2024), *report and recommendation adopted*, 2024 WL 1718048 (D. Minn. Apr. 22, 2024) (citing *United*

*States v. Burgess*, 684 F.3d 445, 450 (4th Cir. 2012)).  Though convicted in the United States District Court for the Western District of North Carolina, Burgess is currently confined at a federal prison in Rochester, Minnesota.  *Id.*

On March 19, 2026, Burgess filed this habeas petition challenging the legality of disciplinary action the prison took against him in January 2026.  ECF No. 1.  Specifically, Burgess alleges that he was found to be in violation of a prison rule and, as a punishment for the violation, a disciplinary officer removed 41 days of good time credit he had accrued towards his early release and restricted Burgess's commissary access.  *Id.* at 1.  Burgess alleges that the imposition of two forms of punishment for the sole infraction violates his Double Jeopardy rights.  *Id.* at 1.

Burgess's petition largely takes issue with the loss of commissary access, not the loss of good-time credits.  ECF No. 1 at 1–2.  Indeed, Burgess states that the disciplinary officer's decision to impose a commissary restriction violates Double Jeopardy because it is a "second punishment" for the same offense, and he seeks a Court order "expung[ing]" the conviction and an order that his commissary access be reinstated.  ECF No. 1 at 2.  The loss of commissary access, Burgess says, restricts his ability to purchase stamps and adequately pursue civil lawsuits he intends to bring.  *Id.* at 2.

Magistrate Judge Wright conducted a pre-service review of Burgess's petition under Rule 4 of the Rules Governing Section 2254 Habeas Petitions and found the petition meritless for two reasons.[1]  ECF No. 5 at 2.  First, Burgess did not allege that he had

---

[1]    Although Burgess brings his Petition under 28 U.S.C. § 2241, the Rules Governing Section 2254 Cases in the United States District Courts may be applied to Burgess's

exhausted available Bureau of Prisons ("BOP") administrative remedies, as he is required to do before bringing such claims in a habeas petition. *Id.* at 2 (first citing *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009); and then citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000)). Second, Magistrate Judge Wright concluded that because Burgess's petition sought to overturn only the disciplinary officer's decision to restrict his commissary access, Burgess did not present "an attack on the fact or duration of Burgess's confinement," making a habeas petition an inappropriate vehicle for his claim. *Id.* at 3. Accordingly, Magistrate Judge Wright recommended denying the petition. *Id.* at 4.

Burgess objected. ECF No. 6. In his objections, Burgess states that the R&R was "well written and almost perfect," and that he made an error in not specifying in his petition that he wants both his commissary access *and* his good-time credits restored. *Id.* at 1–2. And because he seeks the return of good-time credits, Burgess says, he may pursue his claim through a habeas petition. *Id.* at 2. But Burgess also confirms that he has not exhausted administrative remedies for his claim. Burgess states that he filed an appeal of the disciplinary decision in late February, and the "Regional Office" informed him it will not respond until May 15, 2026. *Id.* at 2–3. Nevertheless, Burgess argues that he should

---

Petition. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 1(b); *see also Olson v. Washington County*, No. 12-cv-2807 (MJD/AJB), 2013 WL 1871523, at *1 n.1 (D. Minn. Jan. 24, 2013) (collecting cases), *report and recommendation adopted*, 2013 WL 1867571 (D. Minn. May 3, 2013), *aff'd*, No. 13-2264 (8th Cir. Aug. 16, 2013). Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

not be required to exhaust his remedies because he has "filed dozens" of administrative claims before but never been successful and because he needs commissary access restored immediately to meaningfully engage in civil litigation that he believes will secure his release. *Id.* at 2–4.

Respondent has now appeared, and asks the Court to adopt the R&R. ECF No. 7.

## ANALYSIS

"Within fourteen days after being served with a copy, any party may serve and file written objections" to a magistrate judge's recommended disposition of a case, and if timely filed, the presiding district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Burgess timely objected, so the Court reviews the R&R de novo. Having conducted that review, the Court adopts the R&R because Burgess's petition is meritless.

First, even accepting Burgess's assertion that he intended to raise the issue of the loss of good-time credits in his petition, he admits that he has not exhausted his administrative remedies on his claims. Yet he appears to assert that he should not be required to exhaust his administrative remedies because doing so would be futile, or because those remedies would take too long to conclude. ECF No. 6 at 2–4. To be sure, courts have waived the exhaustion requirement in instances of futility or expediency. *See Nugent v. Marques*, No. 18-cv-827 (WMW/LIB), 2018 WL 3653197, at *3 (D. Minn. June 8, 2018), *report and recommendation adopted as modified*, 2018 WL 3650158

4

(D. Minn. Aug. 1, 2018).  But neither is applicable here.  As to futility, Burgess argues that the BOP has never granted any of his previous administrative grievances.  ECF No. 6 at 3. But "the mere fact that a prisoner believes that the BOP is unlikely to agree with him does not render the pursuit of administrative remedies futile."  *Abieanga v. Eischen*, No. 24-cv-3131 (JWB/JFD), 2024 WL 4557612, at *2 (D. Minn. Sept. 18, 2024), *report and recommendation adopted*, No. 24-cv-3131 (JWB/SGE), 2024 WL 4557371 (D. Minn. Oct. 23, 2024).   Instead, Burgess would need to show that the BOP had already predetermined this  particular claim.  *See, e.g., Knish v. Stine*, 347 F. Supp. 2d 682, 686 (D. Minn. 2004).  He has not done so.  As to expediency, Burgess suggests that because the BOP will not respond to his grievance until May 15, 2026, he will be deprived of commissary access for months on end, and that it would be faster to go through the federal courts.  ECF No. 6 at 4.  But, as the R&R correctly concluded, Burgess cannot challenge the commissary restriction in this habeas petition, and it accordingly cannot serve as an expedient circumstance justifying the waiver of the exhaustion requirement.  *Abieanga*, 2024 WL 4557612, at *3.

Second, even if the Court were to waive the exhaustion requirement, Burgess's claim that the disciplinary officer violated Double Jeopardy by imposing two types of punishments for his infraction would not succeed.  It is well-established that the "Double Jeopardy Clause of the Constitution does not apply to prison disciplinary proceedings and sanctions, because they are not criminal in nature."  *Dillard v. Watson*, No. 17-cv-4802 (JNE/DTS), 2018 WL 3928817, at *4 (D. Minn. Aug. 16, 2018) (citations omitted).

Burgess, as a result, does not have a viable Double Jeopardy claim, and his petition is meritless.

## ORDER

Because Burgess has not exhausted his administrative remedies, and because his claim is otherwise meritless, the Court finds no error in the R&R. As a result, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1.    The R&R (ECF No. 5) is **ADOPTED**;

2.    Burgess's objections (ECF No. 6) are **OVERRULED**; and

3.    Burgess's petition (ECF No. 1) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 7, 2026                         *s/Laura M. Provinzino*
                                           Laura M. Provinzino
                                           United States District Judge